# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TAMARA MARTA M.G., *on behalf of Abel Camilo D.M.*[1]
(A Number: 240-219-644)

Petitioner,

v.

WARDEN, *Central Valley Annex ICE Detention Facility*,

Respondent.

Case No. 1:26-cv-05733-JLT-EGC (HC)

**ORDER TO HAVE PETITIONER PROCEED ON HIS OWN BEHALF OR PETITIONER'S NEXT FRIEND TO OBTAIN LICENSED COUNSEL**

(Doc. 1)

On July 23, 2026, a petition was filed by Petitioner's "next friend" purportedly on his behalf. (Doc. 1). The petition alleges Petitioner is being detained in violation of his rights.

The Petition was completed and signed "On behalf of Petitioner" by Tamara Marta D.M.. (Doc. 1 at 7). Tamara Marta M.G. indicates they are Petitioner's mother. (Doc. 1 at 14). Tamara Marta M.G. has also submitted a declaration in support of the petition. (Doc. 1 at 9–29).

"'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13, n.3 (1955)). However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. In order to establish standing, the next friend must (1) "provide an adequate explanation—such as inaccessibility,

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 495 U.S. at 163 (internal citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Regardless, "[c]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). Thus, while the federal habeas statute does not prevent a 'next friend' from pursuing a habeas action on behalf of another under qualifying circumstances, "the statute does not authorize the 'next friend' to proceed without an attorney." *United States v. Caputo*, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023); *see also Hinojosa v. Warden, SATF/SP*, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) (same), *report and recommendation adopted*, 2023 WL 4711303 (E.D. Cal. July 24, 2023) (finding that even if next friend status was granted he "would have to be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves."). Furthermore, the Local Rules of Practice for the United States District Court, Eastern District of California provide in pertinent part:

> Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules. A corporation or other entity may appear only by an attorney.

L.R. 183(a). "Thus, in an action in which the sole plaintiff is incapacitated and cannot proceed pro se, the plaintiff must be represented by competent counsel, or alternatively, the action must be dismissed without prejudice." *Complot v. JP Morgan Chase Bank*, 2023 WL 8234271, at *3 (D. Ariz. Nov. 28, 2023) (citing *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997)).

Here, assuming arguendo that Tamara Marta M.G. qualifies for next-friend status, which

would permit them to initiate the instant petition, they are not authorized to prosecute this action *pro se* on Petitioner's behalf. Thus, either (1) Petitioner Abel Camilo D.M. (A-Number: 240-219-644) must notify the Court in writing that they will appear on their own behalf to prosecute this habeas action, or (2) Tamara Marta M.G. must secure licensed counsel to proceed. If Petitioner chooses to prosecute this action on their own behalf, they may then also file any motions on their own behalf, including a motion to appoint to counsel. Otherwise, the Petition will be dismissed without prejudice.

Accordingly, it is HEREBY ORDERED:

1. Within twenty-one (21) days from the date of service of this Order, either:
    a. Petitioner Abel Camilo D.M. should notify the Court in writing that:
        i. Tamara Marta M.G. filed the instant petition for writ of habeas corpus with their knowledge and permission,
        ii. They declare under penalty of perjury that the contents of the petition are true and correct, and
        iii. Going forward, they will appear on their own behalf and prosecute this habeas action;

-OR-

    b. Tamara Marta M.G. must secure licensed counsel, and counsel shall file a notice of appearance in this matter.
2. The Clerk of Court is DIRECTED to:
    a. Send Petitioner Abel Camilo D.M. a copy of the Petition, (Doc. 1), and a copy of this Order;
    b. Send Tamara Marta D.M. a copy of this Order at the address listed on page 29 of the Petition.
3. Failure to comply with this Order will result in a recommendation of dismissal for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **July 24, 2026**

Erin Sny Castillo
UNITED STATES MAGISTRATE JUDGE