**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABEL CAMILO DIAZ MORALES,<br>Petitioner,<br>v.<br>CENTRAL VALLEY ANNEX ICE DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-05733-JLT-EGC<br>A-Number: 240-219-644<br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br>(Doc. 1.) |

Abel Camilo Diaz Morales is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Abel Camilo Diaz Morales is from Cuba. (Doc. 1 at ¶ 23.) He entered the United States in February 2022, and he was encountered by immigration officials near Eagle Pass, Texas. (*Id.*) Petitioner was served with a Notice to Appear, charging him as removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act and subsequently released on his own recognizance. (*Id.* at 77-78.) Following his release, Petitioner filed an application for asylum and

adjustment of status pursuant to the Cuban Adjustment Act, which remain pending. (Doc. 1 at ¶¶ 24-26.) Petitioner has been diagnosed with Tourette's Syndrome, which he describes as a "chronic and complex neurological disorder characterized by involuntary motor and vocal tics that often coexists with significant psychiatric conditions. (*Id*. at ¶ 27.) Petitioner also suffers from Cyclothymic Disorder, anxiety, depression, and mood instability, all of which require ongoing medical and psychiatric treatment. (*Id*.)

On February 20, 2025, Petitioner was arrested in Miami, Florida, for Burglary with Assault, Assault with a Deadly Weapon, and Battery. (*See* FBI "RAP Sheet, Doc. 9-3.) That same day, ICE issued an immigration detainer on Petitioner. (Doc. 9-2 at 2.) The burglary charges were dropped, but Petitioner was found guilty of battery and sentenced to time served. (Doc. 9-1 at 3.) Following his release from criminal custody on December 23, 2025, Petitioner was taken into custody of ICE pursuant to the prior immigration detainer. (Doc. 1 at ¶ 28.) Petitioner was transferred through multiple immigration detention facilities before arriving at the Central Valley Annex Detention Facility in McFarland, California. (*Id*. at ¶ 29.) Petitioner alleges that the repeated transfers have "disrupted the continuity of his neurological and psychiatric treatment, interfered with the consistent administration of his prescribed medications, and made it increasingly difficult for him to receive the specialized care his medical conditions require." (*Id*.) Furthermore, Petitioner asserts that the inherent stress associated with detention puts him at risk of "psychiatric decompensation, worsening neurological symptoms, emotional instability, and deterioration of [his] mental health." (*Id*. at ¶ 27.) While in detention, Petitioner requested custody redetermination before an Immigration Judge. (*Id*. at ¶ 31.) On June 22, 2026, the IJ denied his request for lack of jurisdiction. (*Id*.)

On July 23, 2026, Petitioner, through a Next of Friend, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he is being detained in violation of the Due Process Clause of the Fifth Amendment. (*Id*. at ¶¶ 38-55.) Although the Petitioner did not ask the Court to determine the adequacy of his medical treatment or supervise his medical care, he asserts that his documented neurological and psychiatric disorders are highly relevant in determining whether his continued detention remains justified. (*Id*. at ¶¶ 57-59.) The Petition was completed

and signed "On behalf of Petitioner" by Tamara Marta D.M. (Doc. 1 at 7.) Tamara Marta M.G. indicates she is Petitioner's mother. (Doc. 1 at 14). On July 27, 2026, the assigned magistrate judge in this case issued an order directing Petitioner to notify the Court in writing that he will appear on his own behalf to prosecute this habeas action or for Tamara Marta M.G. must secure licensed counsel to proceed. (Doc. 4 at 3.) On August 21, 2026, Petitioner filed a declaration stating that he will appear on his own behalf and prosecute his habeas petition *pro se*. (Doc. 7 at 2.) On August 31, 2026, Respondents filed an opposition, in which they acknowledge that Petitioner is now eligible for a bond hearing under 8 U.S.C. § 1226(a). (Doc. 9.) On September 11, 2026, the assigned magistrate judge in this case issued a Minute Order requesting an update regarding Petitioner's location and detention status. (Doc. 10.) On September 14, 2026, Respondents filed a status report in which they confirmed that Petitioner was in custody at the Central Valley Annex. (Doc. 11.)

On September 21, 2026, Tamara Marta Morales Gonzalez, as Next Friend of Petitioner, filed an emergency notice of material chance in custody and medical circumstances. (Doc. 13.) According to the filing, Petitioner was transferred from the Central Valley Annex Detention Facility to a medical facility in Miami, Florida, sometime between September 14 and September 16, 2026. (*Id*. at ¶¶ 7-22.) On September 23, 2026, the assigned magistrate judge in this case issued a Minute Order requesting an update regarding Petitioner's location and detention status. (Doc. 14.) On September 25, 2026, Respondents informed the Court that on September 16, 2026, Petitioner was transferred to the Larkin Behavior Health Services facility in Miami, Florida for medical treatment and evaluation. (Doc. 15.) Additionally, Respondents did not dispute that the Court retains jurisdiction over the habeas petition. (*Id*.) On October 1, 2026, Tamara Marta Morales Gonzalez, as Next Friend of Petitioner, filed another emergency motion, where she alleges that Petitioner informed her that ICE and personnel at the medical facility were "actively forcing [Petitioner] to ingest unknown psychiatric medications and [were] threatening him with forced intramuscular injections if he refuses to comply." (Doc. 16.) Tamara Marta Morales Gonzalez claims that the alleged medical intervention is being carried out "without any legitimate clinical justification" and "demonstrates a dangerous pattern of non-consensual medication and

forced chemical isolation." (*Id.*)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Court finds that § 1226(a) governs Petitioner's detention. *See J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Nevertheless, that is not the end of the inquiry. The Court finds that Respondents may well have a legitimate interest in Petitioner's detention given his recent conviction for battery. The Court finds that the appropriate remedy here is a post-deprivation bond hearing where the government bears the burden of proving that Petitioner poses a danger to the community or flight risk. Even though Petitioner is not currently in DHS custody, Respondents do not dispute that the Court retains jurisdiction over the petition, presumably because they intend to take him back into custody at some point. Thus, if and when Petitioner is transferred back into ICE custody, the Court orders Respondents to provide Petitioner a prompt post-deprivation bond hearing.

To the extent Petitioner wishes to challenge his conditions of confinement (*e.g.*, being

transferred to a medical facility and being forced to ingest psychiatric medications), (*see* Doc. 16 at 1-2), it is unclear whether he can do so through a habeas petition. As *Hernandez v. Lundy* best explained:

> Complaints solely bearing on the conditions of confinement should be raised in a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Supreme Court has not resolved the question of whether a conditions of confinement claim may be brought in the form of a habeas petition. *See Bell v. Wolfish*, 411 U.S. 520, 526 n.6 (1979) ("Thus, we leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of confinement itself.") In addition, the Ninth Circuit has not decided the issue. *See Nettles v. Grounds*, 830 F.3d 922, 931 [, 931 n.6] (9th Cir. 2016) (holding that if a state prisoner's claim "would not necessarily spell speedier release," it does not lie at "the core of habeas corpus," and must be brought, if at all, under 42 U.S.C. § 1983; but explicitly stating that the Ninth Circuit would not address how this standard "applies to relief sought by prisoners in federal custody"). Thus, Petitioner's standalone claim regarding the conditions of her confinement should be raised in a Bivens action.

*Hernandez v. Lundy*, No. 1:25-cv-02007-SKO, 2026 WL 102292, at *6 (E.D. Cal. Jan. 14, 2026).

For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.

2. **<u>Within 14 days</u>** of the date of Petitioner's transfer back into ICE custody, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **<u>At least 72 hours before</u>** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **<u>at least 72 hours before</u>** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: October 27, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE